IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID CALDWELL                                                                                         PLAINTIFF

v.                              Civil No. 13-2082

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, David Caldwell, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his/her claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background**

Plaintiff applied for DIB and SSI on July 12, 2010. (Tr. 11.) Plaintiff alleged an onset date of December 2, 2008 due to chronic back pain and hearing issues. (Tr. 182.) This onset was amended to August 1, 2010 at the hearing. (Tr. 32.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on October 5, 2011. (Tr. 28.) Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") John Massey.

At the time of the administrative hearing, Plaintiff was 53 years old, and possessed a high school education. (Tr. 183.) The Plaintiff had past relevant work experience ("PRW") of well-driller-oil, derrick hand, and telephone installer. (Tr. 21.)

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

On May 9, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: degenerative disk and joint disease of the lumbar spine and diminished hearing in the left ear. (Tr. 13.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work, except that he "cannot climb ladders, ropes, or scaffolds; cannot perform work requiring fine hearing; and can only occasionally balance, stoop, kneel, crouch, crawl, or climb ramps and stairs." (Tr. 15.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as package mail sorter - conveyor belt; assembly-production, and dishwasher (performed at the light exertional level). (Tr. 22.)

Plaintiff requested a review by the Appeals Council on May 29, 2012. (Tr. 5.) The Appeals Council declined review on March 7, 2013. (Tr. 1.)

## II.  Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and

that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion

Plaintiff raises two issues on appeal: 1) the ALJ erred in rejecting the opinions of Drs. Silver and Honghiran who both found that he was limited to sedentary work, which would thus require that he be found disabled per Vocational Guideline 201.14; and 2) the ALJ's credibility analysis was flawed.

This Court is troubled by the fact that the ALJ has assigned every Physical RFC opinion in the record either "little weight" or "limited weight," and failed to give explicit reasons for discounting almost identical sit/stand/walk RFC evaluations from two examining physicians. An ALJ is free to discount a physician's report if the record warrants that decision. *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). However, under the Agency's own policy interpretations, the ALJ must "provide appropriate

3

explanations for accepting or rejecting" medical source opinions about what an individual can still do in making their Overall RFC assessment. SSR 96-5p.

In this case, there are three RFC opinions in the record. Non-examining Agency physician Dr. Norcross completed one on September 2, 2010. (Tr. 338.) The ALJ gave this opinion "limited weight" because it predated the MRI evidence of Plaintiff's back issues. (Tr. 20. )A second Physical RFC was completed by examining physician Dr. Silver on September 27, 2011. (Tr. 389-92.) The ALJ then commendably ordered a CE with orthopedic specialist Dr. Honghiran, who examined Plaintiff and completed a Physical RFC on November 21, 2011. (Tr. 226, 396-403.) Both of these RFC's included the MRI evidence in their consideration.

As the ALJ pointed out in his opinion, there were differences between Dr. Silver's and Dr. Honghiran's RFCs. (Tr. 20.) However, both physicians made almost identical evaluations for the amount of time the Plaintiff is able to sit/ stand/walk in an eight hour workday. Dr. Silver opined that he could sit/stand/walk for two-three hours. (Tr. 390.) Dr. Honghiran opined that he could stand/walk for two hours and sit for four hours. (Tr. 399.) In giving Dr. Silver's RFC "little weight" and Dr. Honghiran's RFC "limited weight," the ALJ did not discuss the similarity of the sit/stand/walk findings or explain why he discounted such similar findings by two examining physicians, one of whom is a specialist.

As pointed out by Plaintiff in his brief, the sit/stand/walk issue is crucial to the overall RFC determination in this case. If the Plaintiff is not able to sit/stand/walk for six hours in an eight-hour workday, then he cannot do the full range of light work. See SSR 83-10 ("the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). If he is limited to sedentary work, then he may well fall within the requirements of Medical Vocational Guideline 201.14. Therefore, the ALJ's failure to explicitly discuss the sit/stand/walk findings is not a harmless error in opinion-writing technique. *See e.g. Strongson v. Barnhart,* 361 F.3d 1066, 1072 (8th Cir. 2004) (quoting *Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir.1987) (The court will not "set aside an

4

administrative finding based on an 'arguable deficiency in opinion-writing technique' when it is unlikely it affected the outcome ").

Thus, despite a persuasively written credibility analysis, the ALJ's failure to explicitly discuss the sit/stand/walk RFC opinions requires a remand. On remand, the ALJ should specifically discuss his reasons for failing to accept the sit/stand/walk opinions of Dr. Silver and Dr. Honghiran. If the ALJ deems it appropriate, a consultative examination with another orthopedic specialist should be ordered.

### IV. Conclusion

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 22nd day of April 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)